UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TAYLOR, *on behalf of himself and other similarly-situated employees*,<br><br>Plaintiff,<br><br>v.<br><br>POPULUS GROUP, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-0473-BAS-DEB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE (ECF No. 11)** |

In this proposed employment class action, Jeffrey Taylor sues his former employer, Populus Group, LLC, for wage and hour claims under the California Labor Code and the Private Attorneys General Act of 2004 (PAGA), Cal. Lab. Code § 2698 *et seq*. The Court is asked to strike portions of Mr. Taylor's Second Amended Complaint under Rule 12(f) of the Federal Rules of Civil Procedure. The Court finds the motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). Because Populus has not shown that the facts of this case overcome the general presumption against granting Rule 12(f) motions, the Court denies the motion.

\\

\\

## I. BACKGROUND[1]

Mr. Taylor worked for Populus as a driver and a mechanic from March 18, 2018, until July 23, 2019, in San Diego County, California. (Second Am. Compl.[2] ("SAC") ¶ 5, ECF No. 7.) He was paid approximately $15.00 per hour as an hourly non-exempt employee. (*Id.*)

Populus required Mr. Taylor and other hourly employees to arrive early for work. (SAC ¶ 6.) Its discipline policy allowed firing employees for being late. (*Id.*) Mr. Taylor clocked in 5–15 minutes before his scheduled shift start time, along with other similarly situated employees. (*Id.*) Under Populus's rounding system, Mr. Taylor's paid time did not begin until the scheduled shift start time. (*Id.*) Populus did not allow Mr. Taylor and others to clock out after the scheduled shift end time. (*Id.*) As a result, Populus did not pay Mr. Taylor for the time between when he clocked in and when his scheduled shifts began. (*Id.*) Populus did not put Mr. Taylor on notice that he would only be paid for the scheduled shift time even if he clocked in early. (*Id.*)

Mr. Taylor's overtime rate was approximately $22.50 per hour. (SAC ¶ 6.) Applying that overtime rate, Mr. Taylor estimates that he was underpaid between $2.25 to $5.63 per shift, or $11.25 to $28.12 per five-day workweek. (*Id.*) He estimates that Populus underpaid him $720 to $1,800 during his fifteen-month employment. (*Id.*)

Mr. Taylor sued Populus on December 20, 2019, in the Superior Court of the State of California for the County of San Diego. (ECF No. 1-2 at 3.) Populus removed the case to federal court on March 12, 2020. (ECF No. 1.) Mr. Taylor filed the SAC on May 8, 2020, which raises nine causes of action: (1) failure to pay minimum and/or regular wages for all "hours worked" based on a non-neutral rounding policy; (2) failure to pay overtime wages based on a non-neutral policy; (3) failure to provide accurate itemized wage statements showing all "hours worked"; (4) failure to timely pay all wage owed at

---

[1] All facts are taken from the Second Amended Complaint (ECF No. 7).
[2] The record reflects that Mr. Taylor amended his complaint once, while the case was pending in state court. (ECF No. 1-3.)

terminations or separation from employment; (5) unfair competition and restitution for unpaid wages; (6) PAGA civil penalties for failure to pay all minimum, regular, and overtime wages for all hours worked; (7) PAGA civil penalties for failure to provide accurate wage statements; (8) PAGA civil penalties for "timely pay wages due during and upon termination of employment"; and (9) other PAGA civil penalties. (SAC ¶¶ 46–126.)

Populus filed the present Rule 12(f) motion on June 5, 2020. (ECF No. 11.)

## II.   LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under the plain meaning of Rule 12(f), the court may only strike matters that are "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010). "An 'immaterial' matter has no essential or important relationship to the claim for relief or defenses pleaded." *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015). "An 'impertinent' allegation is neither necessary nor relevant to the issues involved in the action." *Id.*

Rule 12(f) is "designed for excision of material from a pleading, not for dismissal of claims in their entirety." *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380, at 644 (1990)). "Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina*, 94 F. Supp. 3d at 1182 (citing *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). Rule 12(f) motions that are "really an attempt to have certain portions of [the plaintiff's] complaint dismissed or to obtain summary judgment against [the plaintiff] as to those portions of the suit" are better suited for Rule 12(b)(6) or Rule 56 motions. *Whittlestone*, 618 F.3d at 974.

\\
\\

## III. ANALYSIS

Populus seeks to strike the portions of Mr. Taylor's SAC that pertain to the following matters: (1) allegations that Populus failed to accurately state gross and net wages in the wage statements; (2) requests for damages under PAGA's subsequent violation provisions; and (3) unascertainable or "fail-safe" definitions of the proposed subclasses. For the reasons stated below, Populus's motion is denied.

### A. Wage Statement Claim

Populus asks the Court to strike Mr. Taylor's allegation that his wage statements did not reflect accurate gross wages "earned" and net wages "earned," in violation of Section 226(a) of the California Labor Code governing wage statements. In relevant parts of the SAC, Mr. Taylor alleges: "Defendants failed to provide wage statements accurately reflecting all of the required information, including but not limited to gross wages earned, net wages earned." (SAC ¶ 70.) Populus argues that a wage statement claim must be supported by allegations of injury. According to Populus, the injury may be presumed where the allegation is about wages "paid," but not where the allegation is about wages "earned."

Mr. Taylor's allegation that his wage statements did not accurately reflect earned wages is not redundant, scandalous, or pertains to an insufficient defense. Assuming without deciding that the allegation is immaterial or impertinent for purposes of a Rule 12(f) analysis, the Court may not "exercise its discretion under Rule 12(f) to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Cortina*, 94 F. Supp. 3d at 1182. Whether Mr. Taylor's wage statements correctly stated wages earned does not fall under that rubric. The gist of Populus's argument is that Mr. Taylor cannot state a Section 226(a) claim based on the facts alleged in the SAC. That argument is better suited for a Rule 12(b)(6) motion. *See Whittlestone*, 618 F.3d at 974. Therefore, the Court denies Populus's Rule 12(f) motion as to Mr. Taylor's wage statement claim.

\\

### B. PAGA Civil Penalties

Populus requests the Court to strike Mr. Taylor's requests for civil penalties under the "subsequent violation" provisions of PAGA. *See* Cal. Lab. Code §§ 210(a), 226.3, 558, 1197.1, 2699(f)(2). Populus argues that the prerequisite condition for the increased penalty—finding of an initial violation by a court or the California Labor Commissioner—is not satisfied by the facts alleged in the SAC.

Assuming without deciding that Populus is right that the facts of this case do not support enhanced civil penalties under PAGA, a Rule 12(f) motion is not a proper vehicle to attack a plaintiff's request for damages. Mr. Taylor's request for civil penalties is not redundant, immaterial, impertinent, or scandalous, or pertain to an insufficient defense. *See Whittlestone*, 618 F.3d at 974 (holding that a claim for damages cannot be impertinent or immaterial because whether the damages are recoverable "relates directly to the plaintiff's underlying claim for relief" and "pertains directly to the harm being alleged"). "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone*, 618 F.3d at 974–75. The Court denies Populus's Rule 12(f) motion as to Mr. Taylor's request for PAGA civil penalties.

### C. Class Definition

Populus argues that the SAC's class allegations defining the proposed sub classes should be excised under Rule 12(f) because they would make the class unascertainable or "fail-safe."[3] Specifically, Populus seeks to strike the portions of the class definitions on whether the class member was "compensated for all hours worked," "provided accurate itemized wage statements," "timely paid all wages due upon termination," or "owed restitution as a result of Defendant's rounding timekeeping policy." (SAC ¶¶ 33–37.)

---

[3] A "fail-safe" class refers to a class that is "so narrowly defined as to 'preclude[ ] membership unless the liability of the defendant is established.'" *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 n.7 (9th Cir. 2016) (citing *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010)).

Courts rarely grant motions to strike class allegations at the pleading stage before discovery and in advance of a motion for class certification because the "rigorous analysis" required of class certification requires development of the record. *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1221 (N.D. Cal. 2014) (citing *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013)). In general, a motion for class certification is a more appropriate vehicle that enables the court to make a fully informed decision on whether the class is certifiable. *Compare Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1235–36 (S.D. Cal. 2009) (denying a motion to strike class allegations under Rule 12(f) where factual and legal issues remained to be determined) *with Perkins*, 53 F. Supp. 3d at 1221 (collecting cases that have granted Rule 12(f) motions at the pleading stage to strike class allegations where a class is defined too broadly).

After reviewing the parties' pleadings, the Court is not persuaded that Populus presents a concern that needs to be addressed before class certification. This is especially so, given the developing law on ascertainability and fail-safe classes. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 n.3 (9th Cir. 2017) (holding that what makes a class ascertainable is not established in the Ninth Circuit); *In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*, 289 F.R.D. 526, 546 (N.D. Cal. 2012), *aff'd*, 789 F. App'x 9 (9th Cir. 2019) (declining to deny certification of a fail-safe class, in part, because "it is not clear that the Ninth Circuit forbids fail-safe classes"). Legal issues remain to be determined. The Court thus denies Populus's motion to strike Mr. Taylor's class allegations.

## IV. CONCLUSION

Defendant's Rule 12(f) motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 19, 2020**

Hon. Cynthia Bashant
United States District Judge