UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TAYLOR,<br><br>                Plaintiff,<br><br>   v.<br><br>POPULUS GROUP, LLC, et al.,<br><br>                Defendants. | Case No. 20-cv-0473-BAS-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF No. 60)** |

      On December 20, 2019, Plaintiff Jeffrey Taylor filed a putative class action complaint in San Diego Superior Court against Defendants Populus Group, LLC ("Populus") and Neutron Holdings, Inc., dba Lime ("Lime"). (Compl., Ex. A to Not. of Removal, ECF No. 1-2.) Populus removed the action to federal court. (Not. of Removal, ECF No. 1.) The operative Complaint alleges: (1) failure to pay minimum and regular wages for all "hours worked" in violation of California Labor Code §§ 1194, 1194.2, and 1197.2; (2) failure to pay overtime wages in violation of California Labor Code §§ 510 and 1194; (3) failure to provide accurate itemized wage statements showing all "hours worked" in violation of California Labor Code § 226; (4) failure to timely pay all wages owed at termination or separation from employment in violation of California Labor Code § 203; (5) unfair competition in violation of California Business and Professions Code § 17200,

*et seq.*; (6) and violations of the Private Attorneys General Act of 2004 ("PAGA") pursuant to California Labor Code § 2698, *et seq.* (Third Am. Compl. ("TAC"), ECF No. 27.)

Now pending before this Court is Plaintiff's unopposed motion for final approval of class action and PAGA settlement. (Mot., ECF No. 60.) The matter came on for hearing on January 9, 2023. (ECF No. 62.) The Court notes that although no attorneys attended, neither did any objectors. (*Id.*) The Court has considered the parties' Settlement Agreement and Release ("SA" or "Settlement Agreement"), Class Members' reaction to the proposed Settlement, the record in this action, and the arguments and authorities of counsel. For the following reasons, the Court **GRANTS** Plaintiff's motion for final approval of the Settlement.

## I. PROPOSED SETTLEMENT

<u>Settlement Class</u>. The Settlement Agreement applies to class members ("Class" or "Class Members") defined as "all non-exempt employees who were assigned by Populus to work for Lime in California at any time during the Class Period." (SA ¶ 7, Ex. A to Decl. of J. Jason Hill ("Hill Decl."), ECF No. 54-2.) The "Class Period" refers to December 20, 2015, through February 28, 2020. (*Id.* ¶ 12.) There are a total of 128 Class Members during the Class Period. (Khoury Decl., ECF No. 60-2 ¶ 12.) The Class includes a subset of "PAGA Members," defined as "all non-exempt employees who were assigned by Populus to work for Lime in California at any time during the PAGA Period." (SA ¶ 27.) The "PAGA Period" refers to December 13, 2018, through February 28, 2020. (*Id.* ¶ 31.) There are 40 PAGA Members. (Khoury Decl. ¶ 27.) The parties agree that Davtyan Law Firm, Inc. and Cohelan Khoury & Singer will be appointed as Class Counsel. (SA ¶ 9.) Jeffrey Taylor is the "Class Representative." (*Id.* ¶ 35.)

<u>Settlement Fund</u>. To settle this action, Populus and Lime agree to deposit a gross settlement amount of $175,000 into a non-reversionary, common fund. (SA ¶ 24; Hill Decl. ¶ 30.) The amount will be distributed as follows:

    (i)    a maximum of $58,333.33 for attorneys' fees, of which one-third will be distributed to the Davtyan Law Firm, Inc. and two-thirds to Cohelan Khoury & Singer;

    (ii)    a maximum of $4,000 for litigation costs;

    (iii)    $5,000 for Mr. Taylor's Class Representative service payment;

    (iv)    a maximum of $4,000 for administration costs;

    (v)    $10,000 in civil PAGA penalties, of which 75% ($7,500) will be distributed to the California Labor & Workforce Development Agency ("LWDA"), and 25% ($2,500) will be distributed proportionately to eligible PAGA Members based on the number of pay periods while employed during the PAGA Period;

    (vi)    $3,383.75 for employer tax obligations; and

    (vii)    a net settlement amount of $90,282.92 to be distributed proportionately to Class Members based on the number of weeks worked during the Class Period.

(SA ¶¶ 24, 29, 41, 67; Hill Decl. ¶ 31.) Populus estimates a total of 4,245 weeks worked by Class Members during the Class Period. (SA ¶ 42.) Accordingly, Class Members may expect to receive an estimated $21.26 for each week worked during the Class Period. (Mem. Prelim. Approval, ECF No. 54-1 at 16; Notice, Ex. A to Simpluris Decl., ECF No. 60-3 at 10.) Eligible PAGA Members will also receive a portion of the $2,500 PAGA Member payment based on the number of pay periods while employed during the PAGA Period. (Mem. Prelim. Approval at 16; Notice at 10.)

    <u>Class Notice</u>. On October 6, 2022, Simpluris mailed the Notice Packet to the Class Members, informing them they had until December 5, 2022, to postmark and return a written objection or request exclusion. (Simpluris Decl., ECF No. 60-3 ¶ 8.) By the mailing date, Simpluris had established a dedicated toll-free telephone helpline, accessible 24 hours a day, 7 days a week, to call Simpluris to make inquiries regarding the Settlement. (*Id.* ¶ 6.)

    Class members were able to object by submitting a written statement citing the specific reasons for the objection and supporting briefs to Simpluris before the response

deadline, as set forth in the Notice of Class Action Settlement. (SA ¶ 70.A; Notice at 11.) Class Members could exclude themselves from the settlement by submitting a written statement as directed by the Notice of Class Action Settlement before the response deadline. (SA ¶ 70.B; Notice at 11.) No Class Members objected or requested exclusion from the Settlement. (Simpluris Decl. ¶¶ 11–12.) As a result, Class Members will receive payments averaging $747.05, with a highest estimated payment of $2,407.94, upon Settlement Approval. (*Id.* ¶ 16.)

Defendants timely provided notice to the appropriate officials under 28 U.S.C. § 1715(b)(4)–(5), and more than 90 days have elapsed as required by 28 U.S.C. § 1715(d). (ECF No. 55.)

## II. **LEGAL STANDARD**

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

For a class to be certified, a plaintiff must show that it meets all of the prerequisites of Federal Rule of Civil Procedure ("Rule") 23(a) and the requirements of at least one of the categories under Rule 23(b). *See Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013). This requires the court to "conduct a 'rigorous analysis' to determine whether the party seeking class certification has met the prerequisites of Rule 23." *Rodriguez v. Danell Custom Harvesting, LLC*, 293 F. Supp. 3d 1117, 1125 (E.D. Cal. 2018) (quoting *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 471 (E.D. Cal. 2009)).

If the court finds that certification is proper, then the court must separately determine that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

## III. ANALYSIS

### A. Class Certification (for Settlement Purposes Only)

The parties seek class action certification for settlement purposes only. (SA ¶ 61.) Rule 23(a) provides that a class may be certified "only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

The parties request class action certification under Rule 23(b)(3). (SA ¶ 61.) Under Rule 23(b)(3), a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

In this case, for the reasons outlined in the Court's Order Granting Motion for Preliminary Approval of Nationwide Class Action Settlement and Certification of Settlement Class ("Preliminary Approval Order") (Prelim. Sett. App., ECF No. 56), the Court concludes that class certification under Rule 23(a) and (b)(3) is appropriate.

### B. Fairness Determination

The Court further finds that the Settlement is "fair, reasonable, and adequate" under Rule 23(e). "[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Hanlon*, 150 F.3d at 1026. Consequently, a district court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Other relevant factors to this determination include, among others, "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class-action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the

proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026; *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Here, the Court made a preliminary fairness determination in its Preliminary Approval Order. In doing so, the Court found most fairness factors supported approval but reserved judgment on two issues.

First, the Court deferred the issue of "the reaction of the class members to the proposed settlement." (Prelim. Sett. App. at 13.) *See Hanlon*, 150 F.3d at 1026. In order to assess the Class Members' reaction, it is first necessary to examine the notice the Class Members received. The Court previously approved the form and manner of notice to the Class Members. (*Id.* at 19.) Now, the Court finds the method for distributing class notice was executed as previously detailed in its Preliminary Approval Order. (*See* Simpluris Decl. ¶¶ 1–9.) Simpluris, the Class Administrator, distributed notice by mail to 128 potential Settlement Class Members. (*Id.* ¶¶ 3, 5–9.) It also conducted due diligence regarding the twelve Class Notices returned undeliverable by using advanced address searches and resending Class Notices to the updated addresses. (*Id.* ¶ 9.) Hence, the Court finds the notice to Class Members satisfies due process. *See* Fed. R. Civ. P. 23(e)(1).

Now, after Settlement Class Members have been duly notified of the Settlement and have had an opportunity to express their reactions, the Court notes that no objections to the Settlement have been filed. Thus, this factor supports approval.

Second, the Court deferred deciding whether the amount of the proposed settlement is appropriate, because Plaintiff had not identified the maximum value of Class Members' claims. Accordingly, the Court requested that Plaintiff identify the total amount of damages or penalties Class Members might recover if successful at trial. Plaintiff has done so. Class Counsel calculates the maximum value of the Class's claims to be $760,446.56. (Khoury Decl. ¶ 12.) Thus, the $165,000 allocated to Class's claims—the total settlement amount minus the $10,000 allocated to PAGA penalties—is 21.8% of the maximum value. (*Id.*)

Plaintiff argues that such a percentage is within the range of a fair and reasonable settlement. (Mot. at 11.) The Court agrees. "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 628 (9th Cir. 1982). Further, 21.8% is "within the range of approved settlements in wage and hour class actions." *See Perez v. Core & Main LP*, No. 5:20-cv-01821-MCS-KK, 2021 WL 8820866, at *4 (C.D. Cal. Nov. 15, 2021) (holding 10.3% of plaintiff's calculation of defendant's maximum potential exposure was reasonable settlement); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving a settlement that provided class with 6% recovery of maximum damages exposure); *Gonzalez v. NCI Grp., Inc.*, No. 1:18-cv-00948-AWI-SKO, 2020 WL 4547303, at *3 (E.D. Cal. Aug. 6, 2020) (deeming reasonable a settlement representing 9% of maximum value of labor claims).

"In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). If the Settlement is approved, then Class Members will receive an "immediate recovery" rather than "the mere possibility of relief in the future, after protracted and expensive litigation." *See id.* Plaintiff's case is not infallible. Considering the risks, costs, and delays of pre-trial motions and trial, the uncertainty of obtaining Rule 23 certification, the possibility of appeals, and the difficulty of proving maximum damages, the Court finds the discounted settlement amount reasonable. Therefore, the Court now finds the settlement amount is fair and adequate.

In sum, all factors militate toward approval, and as a result, the Court finds the Settlement to be fair and adequate.

### C. PAGA Penalties

Under PAGA, an aggrieved employee on behalf of herself and other current or former employees can recover civil penalties through civil action. Cal. Lab. Code

§ 2699(a). An employee who brings a claim under PAGA does so as the proxy or agent of the state's labor law enforcement agencies. *See O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016). Because the employee represents the same legal right and interest as state labor law enforcement agencies, a judgment binds not only the employee but also state labor law enforcement agencies and nonparty employees who would be bound by an action brought by the government. *See id*. Therefore, courts are compelled to approve PAGA penalties. *Id*. In this case, for the reasons stated in the Preliminary Approval Order, the Court finds the PAGA penalties appropriate.

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS** Mr. Taylor's motion for final approval of class action and PAGA settlement and hereby **ORDERS** the following:

(1) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby conditionally certifies a class for settlement purposes only.

(2) The class shall consist of: all non-exempt employees who were assigned by Populus to work for Lime in California at any time during the Class Period.

(3) The Court appoints Davtyan Law Firm, Inc. and Cohelan Khoury & Singer as Class Counsel to represent the class.

(4) The Court appoints Jeffrey Taylor as Class Representative.

(5) The Court approves Simpluris, Inc. as Class Administrator.

(6) The Court finds that, pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was designed to advise the Class Members of their rights.

(7) The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes. The Court finds that the Settlement, on the terms and conditions set forth in the Settlement Agreement, is fair, reasonable, adequate, and in the best interests of the Class Members.

(8) The Settlement Agreement, which has been filed with the Court and is deemed incorporated herein, as well as the proposed Settlement, are finally approved and shall be consummated in accordance with the terms and provisions thereof.

(9) The Court finds and determines that payment to the California Labor and Workforce Development Agency of $7,500 (75% of $10,000) as its share of the Settlement for civil penalties under the Private Attorneys General Act is fair, reasonable, and appropriate. The Court hereby grants final approval to the conditions set forth in the Settlement Agreement. Within 10 days of entry of this Order, Plaintiff shall submit a copy of this Order to the California Labor and Workforce Development Agency pursuant to California Labor Code Section 2699(1)(3).

(10) The Court further finds and determines that payment of the fees and costs of the appointed Administrator, Simpluris, Inc., of $4,000.00 for services rendered and to be rendered in connection with the completion of its administrative duties pursuant to the Settlement is fair and reasonable, and orders that amount be paid in accordance with the Settlement Agreement.

(11) The Court notes Class Members were given an opportunity to object and/or request exclusion. There are no objections and no requests for exclusion. This Order is, therefore, binding on all Class Members.

(12) The Class Representative, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of

the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the Release contained in the Settlement Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

(13) This action is hereby **DISMISSED WITH PREJUDICE** in all respects.

(14) Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or the Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Order.

(15) The Clerk of the Court shall enter judgment accordingly and close this case.

(16) The Parties shall bear their own costs and attorneys' fees except as provided by the Settlement Agreement and Release and this Order.

**IT IS SO ORDERED.**

DATED: January 9, 2023

Hon. Cynthia Bashant
United States District Judge